## Pennsylvania Coal & Coke Company, Appellant, v. Witherow.

*Mines and mining—Coal lease—Minimum royalty—Forfeiture.*

A coal lease provided for the payment of ten cents per ton royalty on all merchantable coal mined or that could reasonably be mined; that the lessee should begin the shipment of coal within four months "or pay a minimum royalty on thirty thousand tons per year in lieu thereof; and to pay continuously a minimum royalty at the rate of thirty thousand tons per year until said coal was exhausted." It was further provided "if the minimum amount was not mined, but paid for, that the excess of all sums over and above the coal actually mined shall be applied on the coal to be mined in succeeding months so that in the end no more coal shall be paid for than is actually mined and taken out under this lease." A supplemental agreement was afterwards made which provided for the payment of fixed amounts of royalties each month, making the total annual payment $2,000, and that if the lessee " . . . . in any year fail to mine the full minimum of thirty thousand tons called for in the lease, he or his assigns shall pay to the lessor a bonus of sixty dollars for each year he fails to mine the full minimum in addition to the sum hereinbefore specified in this supplement, the sixty dollars not to be deducted from any royalty otherwise due . . . . the original lease to be and remain unchanged in all other respects." *Held,* (1) that the supplemental agreement was an absolute contract by the lessee to pay the lessor the fixed sum named therein at fixed times regardless of all other conditions; (2) that in the absence of proof that the plaintiff had paid royalty for all coal that could be mined, the provision of the original lease "that in the end no more coal should be paid for than is actually mined" did not become operative; and (3) that overpayment for the coal actually mined did not relieve the lessee from the payment of minimum royalty as long as the lessee remained in possession.

Argued April 16, 1906. Appeal, No. 360, Jan. T., 1905, by plaintiff, from decree of C. P. Clearfield Co., May T., 1905, No. 1, dismissing bill in equity in case of Pennsylvania Coal & Coke Company v. David Witherow. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.   Before SMITH, P. J.
The facts are set forth in the opinion of the Supreme Court.

The court entered the following decree :
1. That the plaintiff's bill be dismissed.
2. That the preliminary injunction issued March 15, 1905,
be dissolved.
3. That the plaintiff pay to the defendant the sum of
$1,729.69, with interest thereon from June 1, 1905, in full of
royalties and bonus due at that date.
4. That the plaintiff pay the costs of this proceeding.

*Error assigned* was the decree of the court.

*Peter J. Little*, with him *Thomas H. Atherton*, for appellant.

*A. L. Cole*, with him *F. Blake Kuntz*, for appellee.

PER CURIAM, May 14, 1906 :
The bill in this case was filed by the lessee of coal lands to
restrain the lessor from taking possession of the leased property
and from enforcing any of the remedies provided by the lease
in case of a failure to pay royalties.   The primary question in
the case is whether under the terms of the lease the lessee in
possession, having paid royalties for all the coal actually mined,
is relieved from further payment.   The lease provides for the
payment of ten cents per ton royalty on all merchantable coal
mined or that could reasonably be mined, that the lessee shall
begin the shipment of coal within four months " or pay a min-
imum royalty on 30,000 tons per year in lieu thereof ; and to
pay continuously a minimum royalty at the rate of 30,000 tons
per year until said coal is exhausted."   It is further provided
" if the minimum amount is not mined but paid for, that the
excess of all sums over and above the coal actually mined shall
be applied on the coal to be mined in succeeding months so
that in the end no more coal shall be paid for than is actually
mined and taken out under this lease."   The lessee was given
the right of way through any opening in the mine to remove
coal from adjoining lands, but no such right was claimed and
it is not involved in the controversy.

A supplemental agreement was afterwards made which provided for the payment of fixed amounts of royalties each month, making the total annual payment $2,000, and that if the lessee " . . . . in any year fail to mine the full minimum of 30,000 tons called for in the lease, he or his assigns shall pay to the lessor a bonus of $60.00 for each year he fails to mine the full minimum in addition to the sum hereinbefore specified in this supplement, the $60.00 not to be deducted from any royalty otherwise due—the original lease to be and remain unchanged in all other respects."

It was undisputed that the royalties paid amounted to more than ten cents per ton on all the coal actually mined. The learned judge found as a fact in the case that a large part of the property had not been sufficiently explored to ascertain whether there was merchantable coal that could reasonably be mined, and that the evidence did not show that all the merchantable coal had been mined, and he found as matter of law that the supplemental agreement " is an absolute contract by the lessee to pay the lessor the fixed sum named therein at fixed times regardless of all other conditions."

The first of these findings sustains the decree dismissing the plaintiff's bill and directing an accounting under the cross bill, and it is needless to go further. In the absence of proof that the plaintiff had paid royalty for all coal that could be mined, the provision of the original lease " that in the end no more coal should be paid for than is actually mined " did not become operative. Overpayment for the coal actually mined did not relieve the plaintiff from the payment of the minimum royalty as long as it remained in possession : Lehigh, etc., Coal Co. v. Wright, 177 Pa. 387 ; Lehigh, etc., Coal Co. v. Everhart, 206 Pa. 118.

The decree is affirmed at the cost of the appellant.